■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE CAPERS, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Kings County, the first one rendered October 6, 1981 (Lombardo, J.), convicting him of robbery in the first degree and criminal use of a firearm in the

first degree, upon a jury verdict, and imposing sentence, and the second one rendered March 31, 1982 (Goldstein, J.), convicting him of attempted robbery in the second degree, upon a plea of guilty, and imposing sentence.

Judgments affirmed.

Although there was a gap in the chain of custody for admitting the gun found near defendant at the time of his arrest, the gun was uniquely marked with a police officer's initials, making it readily identifiable. Thus, a police officer's testimony that the gun presented at trial was the same exact gun that he found on the day of the arrest, was sufficient to admit the gun into evidence, since there existed " 'reasonable assurances of identity and unchanged condition' " (*People v Julian,* 41 NY2d 340, 343, quoting *People v Porter,* 46 AD2d 307, 311; see, also, *People v McGee,* 49 NY2d 48, cert den *sub nom. Waters v New York,* 446 US 942; *People v Connelly,* 35 NY2d 171; *People v Jiminez,* 100 AD2d 629). The fact that there were deficiencies in the chain of custody goes to the weight of the real evidence, and not to its admissibility (*People v McGee, supra,* p 60; *People v Julian, supra,* p 344; *People v White,* 40 NY2d 797, 799-800). We have considered defendant's other contentions and find them to be without merit.

In view of the fact that we are affirming the judgment rendered after trial, defendant's challenge to the second judgment rendered on his guilty plea is academic. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.