■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALIXTO PADRON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Auser, J.), rendered December 16, 1983, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Judgment affirmed.

The defendant's claim that the shotgun recovered by the police at the scene of the crime should have been suppressed because the People failed to document the operability of the weapon is not preserved for appellate review (see, People v Liccione, 50 NY2d 850; People v Frankos, 110 AD2d 713). In any event, the shotgun was admissible in evidence since reasonable assurance of identity and unchanged condition of that weapon existed from the trial testimony of a police officer who identified it as the exact weapon he recovered at the scene of the crime (see, People v Capers, 105 AD2d 842). Moreover, a firearms examiner testified that when he examined the weapon it was operable. Under the circumstances, any deficiencies in the chain of custody relate not to the admissibility of the gun, but to the weight that the jury accorded that evidence (see, People v Capers, supra).

Further, the hearing court properly refused to suppress the defendant's unsolicited, voluntary and spontaneous statement uttered while he was awaiting transfer to a cell (see, People v Ferro, 63 NY2d 316, cert denied — US —, 105 S Ct 2700; People v Lanahan, 55 NY2d 711). It is well settled that questioning concerning pedigree information is not likely to evoke inculpatory responses and, therefore, it need not be preceded by Miranda warnings (see, People v Johnson, 86 AD2d 165, affd 59 NY2d 1014; People v Rodriquez, 39 NY2d 976). In the instant case, aside from seeking pedigree information, the defendant was not subjected to any other type of express questioning or its functional equivalent. Thus, the hearing court's determination that the defendant's statement was spontaneously made and therefore admissible should not be disturbed (see, People v Harrell, 59 NY2d 620; People v Boyd, 58 NY2d 995; People v Tyler, 99 AD2d 537).

The defendant's contention that the trial court erred in permitting the People to introduce his Grand Jury testimony into evidence is without merit. The defendant's claims that since he was not conversant in English the waiver he signed was ambiguous and that he was not put on notice pursuant to CPL 710.30 that his Grand Jury testimony could be introduced into evidence, have not been preserved for review (see, CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858). In any event, the record of the Grand Jury procedures establishes voluntariness, representation and discussion with his attorney, and the fact that he was specifically advised that his Grand Jury testimony could be used against him. Moreover, at trial, before the Grand Jury minutes were introduced into evidence, the defendant himself conceded that he waived his immunity, testified voluntarily and was duly represented by counsel during that testimony. Therefore, the defendant's belated claim that the challenged statement was involuntary must be rejected (see, CPL 710.40 [2]).

Further, the obvious purpose of CPL 710.30 notice is to "afford a defendant adequate time in preparing his case in respect to the voluntariness of a confession or admission * * * Thus * * * the notice of intention to offer evidence need not be served upon the defendant where there is no question of voluntariness" *(People v Greer,* 42 NY2d 170, 178). Accordingly, the defendant's Grand Jury testimony was properly admitted into evidence. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.