■ The People of the State of New York, Respondent, v Giovanni Piazza, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered November 30, 1984, convicting him of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's contention, the police had probable cause to place the defendant under arrest. He was observed by police officers in a known narcotics area sitting in a double-parked car talking to several pedestrians. A short time later, after he committed a traffic infraction and was pulled over, the police officers saw, in plain view, a portion of a clear plastic bag containing a white powder which the arresting officer, based upon his training and experience, believed to be narcotics. These circumstances sufficed to establish probable cause to arrest the defendant *(see, People v McRay,* 51 NY2d 594; *People v Roman,* 96 AD2d 953).

Equally unpersuasive is the defendant's claim that proof of

his guilt was not established beyond a reasonable doubt. There was adequate circumstantial evidence to permit the jury to find that the defendant possessed the narcotics with intent to sell *(cf. People v Betts,* 90 AD2d 641, *lv denied* 58 NY2d 781).

Finally, there was an adequate foundation for the introduction of the contraband into evidence. Deficiencies in the chain of custody go to the weight of the evidence, not its admissibility, provided that the two basic requirements of proof of identity and unchanged condition are established *(see, People v Julian,* 41 NY2d 340; *People v Capers,* 105 AD2d 842). Here, the police officer who vouchered the property described how he marked and sealed the evidence. He was able to identify the exhibit from those markings and the voucher. The chemist who analyzed the substance testified that he received the envelope unopened and still sealed, and after completing his analysis, marked the evidence and resealed the envelope. At the trial, the chemist identified the evidence and noted that his seal was still intact. While it would have been preferable for the People to have called as a witness the desk sergeant who took the property from the arresting officer, the record reveals that the sergeant retired prior to the trial and was unavailable. The rule that each person who had access to or possession of the evidence should ordinarily be called to testify may be relaxed "where the circumstances provide reasonable assurances of identity and unchanged condition and it would be impossible or an unreasonable requirement to produce each physical custodian as a witness" *(see, People v Porter,* 46 AD2d 307, 311). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.