■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY McCUTCHEON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered March 15, 1982, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was charged with selling cocaine to an undercover police officer on two separate occasions. The defendant raises for the first time on appeal the argument that the cocaine packets should not have been admitted into evidence because the People failed to establish an unbroken chain of possession of the evidence. The testimony which was elicited provides a reasonable assurance that the packets analyzed at the police laboratory were the same packets purchased from the defendant and that there had been no tampering. The drugs were at all times under police control. Therefore admission of the packets into evidence was proper *(see, People v Julian,* 41 NY2d 340; *People v Piazza,* 121 AD2d 573).

The defendant claims that the court's ruling on his *Sandoval* motion which permitted the prosecutor to inquire into his two previous robbery convictions deprived him of a fair trial. We find no merit in this contention as robbery is an act of individual dishonesty which usually is relevant to credibility *(see, People v Sandoval,* 34 NY2d 371).

Given the defendant's status as a second felony offender, we find that the sentence imposed was not unduly harsh or an abuse of discretion. We have considered the defendant's claim that he was denied a fair trial due to ineffective assistance of counsel and find it to be without merit *(see, People v Baldi,* 54 NY2d 137). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.