■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. NEWMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered February 7, 1986, convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the substance admitted into evidence, which was found to contain cocaine, was inadmissible because the People failed to establish a continuous chain of custody after its purchase (seizure). However, both the undercover officer who received the narcotics from the defendant and the chemist who analyzed the narcotics identified them from their respective notations on the packaging. The officer testified that he sealed the package, locked it in a vault and three days later, mailed it to the laboratory in the same condition. It was established by documentary evidence that the laboratory received the package and the chemist testified that when he removed the narcotics for analysis, the seal was intact. The foregoing evidence provided reasonable assurances of the identity of the narcotics and of their unchanged condition *(cf., People v Julian,* 41 NY2d 340, 343-344). It was unnecessary for the People to produce the postal employees who handled the package *(see, People v Connelly,* 35 NY2d 171, 175), or the employee who received the package at the laboratory over 11 years before the trial *(cf., People v Piazza,* 121 AD2d 573, 574, *lv denied* 68 NY2d 916; *People v Jiminez,* 100 AD2d 629). Nor was it necessary for the People to establish the precise day-by-day location of the narcotics within the laboratory *(cf., People v Julian, supra,* at 342-343). Certain notations on a laboratory report which were inconsistent with the testimony of the undercover officer were not reflective of deficiencies in the chain of custody, but rather were irregularities bearing only on the weight of the evidence *(cf., People v Connelly, supra,* at 175).

The defendant's objections to the trial court's instructions to the jury were not properly preserved for our review as a matter of law *(see,* CPL 470.05 [2]), and under the circumstances of this case, we decline to exercise our interest of

justice jurisdiction in order to review them. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.