■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MAYAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 8, 1985, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During a period of observation that lasted more than one hour, two police officers saw the defendant and the codefendant Caraballo involved in four separate transactions. In each transaction, a described male obtained a blue packet which the defendant took from a cigarette box in exchange for currency. The currency was given to Caraballo directly or was transferred to him by the defendant. Two of the buyers were arrested following the transaction and a blue packet of heroin was found on each of them. When the defendant and Caraballo were arrested, the defendant had a cigarette box containing 7 blue packets with an 8th blue packet in his pocket. Each of these packets contained heroin. A search of Caraballo revealed an unspecified amount of currency.

The defendant's contention that the narcotics should not have been received in evidence because the prosecution had not established a continuous unbroken chain of custody is without merit. Each police officer who seized the narcotics testified that he placed the evidence in a numbered property clerk's envelope, sealed it, signed it and deposited it with the property clerk in the precinct, for delivery to the laboratory. Each chemist who analyzed the narcotics testified that he received the property clerk's envelope with the seal and signature intact. Such testimony provided reasonable assurances of the identity of the evidence and that its condition was unchanged *(see, People v Julian,* 41 NY2d 340; *People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652; *People v McCutcheon,* 122 AD2d 169; *People v Piazza,* 121 AD2d 573, *lv denied* 68 NY2d 916).

The defendant's contention on appeal that the court erred in admitting into evidence certain narcotics found on one of the buyers, other than the blue packet of heroin, is unpreserved for appellate review. In any event, while it is true that these other narcotics were irrelevant to the charges against this defendant, the court expressly directed the jury not to

consider any part of that exhibit, except the blue packet of heroin.

Similarly, the defendant's contention that the court erred in receiving testimony that Caraballo had an unspecified amount of currency when he was arrested is unpreserved. In any event, such evidence was relevant where, as here, there was testimony of four transactions involving the exchange of money to the defendants shortly before the arrest. This establishes a nexus between the transactions and the currency found on the codefendant which was probative of the counts charging the defendants with possession with intent to sell *(People v Milom,* 75 AD2d 68).

The defendant contends that the People failed to prove that he sold heroin or possessed heroin with intent to sell. Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that he transferred certain blue packets containing heroin for cash. Nor was the verdict against the weight of the evidence. Upon the exercise of our factual review power (CPL 470.15 [5]), we find that the weight of the evidence establishes that the defendant, acting in concert with his codefendant, sold heroin and possessed heroin with intent to sell it.

We have considered the defendant's remaining contention and find it to be unpreserved for appellate review and, in any event, without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.