■ The People of the State of New York, Respondent, v Harold Howard, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered July 1, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after selling two tinfoils of cocaine to an undercover narcotics officer who made the purchase with $10 of prerecorded "buy money". On appeal, the defendant argues, *inter alia,* that the People failed to establish a proper chain of custody supporting the admission of the drugs into evidence. We disagree.

The police officer who purchased the tinfoil packets of cocaine from the defendant testified that he initialed the packets, placed them in an envelope which he marked with his name and shield number, and thereafter sealed and vouchered the envelope before delivering it to the police laboratory. The police chemist further testified that the envelope was still sealed immediately prior to the commencement of his analysis. Moreover, at trial both the officer and the chemist identified the evidence from the voucher and the markings on the envelope. In light of the foregoing, we conclude that there existed reasonable assurances of the identity and unchanged condition of the evidence so as to warrant its admission into evidence *(see, People v Julian,* 41 NY2d 340, 343; *People v Strouder,* 124 AD2d 841, 842, *lv denied* 69 NY2d 955; *People v Piazza,* 121 AD2d 573, 574, *lv denied* 68 NY2d 916).

We have examined the remainder of the defendant's contentions on appeal, including those raised in his supplemental *pro se* brief, and find them to be without merit. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.