THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant

The defendant and two codefendants were convicted under indictment No. 5230/84, after a jury trial, of selling cocaine to an undercover police officer on the corner of 148th Street and Lowe Court in Queens on October 2, 1984. The defendant was charged under indictment No. 5945/84 with possession of

more than an eighth of an ounce of cocaine on the same street corner on November 9, 1984, to which charge he pleaded guilty following his conviction of the earlier crime.

The defendant's contention that he is entitled to a new trial on the charge set forth in indictment No. 5230/84 because of the loss of a portion of a transcript of a police officer's direct testimony was rejected by this court upon his prior application for summary reversal and we do not find any reason to disturb our prior determination. On this appeal, the defendant additionally contends that the testimony of his wife is also missing. However, the defendant has not set forth the nature of the issues that would have been raised on appeal had these missing minutes been available, and there is no suggestion that the missing testimony, which was summarized during summations, would have served to substantiate any appealable issues (see, People v Sanchez, 75 AD2d 918, 919).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), the defendant's conduct evinced sufficient indicia of "[s]alesman-like behavior" (People v Roche, 45 NY2d 78, 85, cert denied 439 US 958) for the jury to determine that he was not acting solely on behalf of the undercover police officer, but that he had a personal interest in promoting the transaction (see, People v Argibay, 45 NY2d 45, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt, including the disproving of the agency defense, was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's further contention, the detailed testimony from the undercover police officer and from the police chemist established with "reasonable assurance" the identity and unchanged condition of the drugs purchased from the defendant (People v Padron, 118 AD2d 599, lv denied 67 NY2d 1055; see, People v Julian, 41 NY2d 340). "[A]ny deficiencies in the chain of custody relate not to the admissibility of the [drugs], but to the weight that the jury accorded that evidence" (People v Padron, supra).

We have considered the defendant's other contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.