■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WHEELER, Appellant.

Detective Daniel R. Salottolo, an experienced narcotics investigator, testified that at a staked-out area of Westchester County known for its high incidence of narcotics trafficking he observed the defendant leave his vehicle and walk towards the surveillance point. Six individuals approached him; one gave him money. The defendant then gave the individual a glassine envelope. After the defendant returned to his vehicle, another man walked up to him, also passing him money. The defendant then reached under the vehicle's steering column, produced a white object, and gave it to the man. The defendant then emerged from the vehicle and walked away from it once again. Salottolo and his fellow officer then arrested and searched the defendant, finding keys to the vehicle and $288 in cash. A search under the steering column of the vehicle produced 39 glassine envelopes containing heroin.

Based upon this record, the totality of the circumstances provided probable cause to arrest the defendant (see, People v McRay, 51 NY2d 594; People v Robinson, 133 AD2d 473). Further, the subsequent search of the vehicle was supported by probable cause to believe that the vehicle contained contraband (see, People v Ellis, 62 NY2d 393; People v Orlando, 56 NY2d 441).

Furthermore, the court's Sandoval ruling was not an improvident exercise of discretion. The crime charged and the prior convictions admitted into evidence are sufficiently dissimilar, and it cannot be said that based upon the record the trial court failed to weigh the risk of unfair prejudice to the defendant, to the People, and to the fact-finding process (see, People v Bennette, 56 NY2d 142; People v Frumerin, 121 AD2d 736, lv denied 68 NY2d 812).

Moreover, since the People bore the burden of proving beyond a reasonable doubt that the defendant possessed the heroin with the specific intent to sell it (see, Penal Law § 220.16 [1]), the evidence of the two transactions observed by the detectives immediately prior to the arrest, as well as of the money found upon a search of the defendant upon his arrest, was admissible (see, People v Alvino, 71 NY2d 233; People v Jones, 138 AD2d 405; People v Mayas, 137 AD2d 836).

Finally, the defendant's remaining contentions, including those raised in his supplemental pro se brief, and the claim that his sentence was excessive, have been considered and

have been found to be without merit *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.