■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIRIAM WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered July 12, 1988, convicting her of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up

for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

At approximately 2:00 A.M. on September 10, 1987, Police Officers Greco and Raiola were driving a marked police vehicle when they observed a late-model Nissan Maxima run a red light. After following the vehicle for a few blocks, they caused it to pull over. When Officer Greco approached the passenger side of the vehicle and Officer Raiola approached the driver's side, both noticed that the driver and passenger seated in the front seat were making hand movements toward the center console of the car as if they were pushing something down or pulling something up. Looking through side windows, the officers noticed a handbag on the console and that the defendant driver and the passenger were still reaching toward it. Officer Raiola asked the defendant whether she was reaching for her driver's license but she did not respond. The passenger volunteered to Officer Greco that he had just been released from jail. Then Officer Raiola saw the defendant quickly reach for her handbag, and told her to stop and get out of the car. Through a code word, Officer Raiola signaled to his partner that they were in the presence of danger. Officer Greco asked the passenger to step out of the car. After frisking him, Officer Greco entered the vehicle, put his hand on top of the handbag, and felt what seemed to be a gun. He opened the bag and found a .38 caliber pistol. At the suppression hearing, both police officers testified that they feared that a weapon was within the reach of both the defendant and the passenger and that they were in danger. They also testified that they knew the neighborhood to be a high-crime area.

In *Michigan v Long* (463 US 1032), the Supreme Court of the United States extended the validity of a limited protective police search of a person on less than probable cause to those areas of a lawfully stopped vehicle within which a weapon may be placed or hidden. The court held that the legality of the search is dependent upon whether a reasonably prudent police officer would believe, based on specific articulable facts and rational inferences drawn therefrom, that the suspect is dangerous and may gain immediate control of weapons *(Michigan v Long, supra,* at 1049; *see also, People v Hudson,* 112 AD2d 650). We add that the Supreme Court of the United States has noted the existence of inordinate dangers that

police officers face when approaching vehicles after stopping them (see, Pennsylvania v Mimms, 434 US 106, 110 [study showing approximately 30% of all police shootings occur when police officer is approaching a vehicle]; see also, People v David L., 56 NY2d 698) and the lessened expectation of privacy in automobiles (see, Cardwell v Lewis, 417 US 583; see also, People v Kreichman, 37 NY2d 693).

In the instant case, the car being driven by the defendant was legally stopped for a traffic infraction (see, People v Ingle, 36 NY2d 413). The police officers made the stop at night in an area that they knew to be a high-crime area. They saw furtive movements toward the handbag in the car and the defendant and her passenger offered no explanation for their movements. The passenger indicated to the officers that he had just been released from jail. Officer Raiola then saw the defendant make a sudden movement toward the handbag, at which time she was ordered out of the vehicle. Based on all the circumstances, the minimal intrusion of patting the handbag for weapons was reasonable (see, Michigan v Long, supra; People v Davis, 64 NY2d 1143; People v Hudson, supra; People v Pitt, 110 AD2d 723). When Officer Greco felt what he thought was a gun in the bag, he had a basis to open it.

The defendant's contention that the weapon and the approximately 100 vials of crack found in the handbag were inadmissible at the trial due to the People's failure to establish an adequate chain of custody is without merit. The weapon was initialed by Officer Greco when it was vouchered and thus was readily identifiable (see, People v Capers, 105 AD2d 842). Officer Greco's identification at the trial was sufficient to establish its authenticity and any gaps in the chain of custody went to the weight of the evidence, not its admissibility (see, People v Padron, 118 AD2d 599, lv denied 67 NY2d 1055; People v Capers, supra). Regarding the controlled substances, the arresting officer's testimony combined with a police analyst's testimony provided adequate assurances of the authenticity of the controlled substances and any gaps in the chain of custody did not bar their admission in evidence (see, People v Rodriguez, 140 AD2d 466; People v Donovan, 141 AD2d 835; People v Newman, 129 AD2d 742).

While the issue of law has not been preserved for our review, we nevertheless find no impropriety in the court's charge regarding the statutory presumption of possession when weapons or controlled substances are found in a vehicle (see, People v Leyva, 38 NY2d 160). Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.