■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ARIMONT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reinzi, J.), rendered June 29, 1988, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 14, 1987, an undercover police officer saw the defendant twice sell drugs from a brown paper bag that he kept concealed behind the grating of a nearby window. The defendant was arrested and the police recovered the brown paper bag, which was found to contain 510 vials of cocaine plus an additional half ounce of cocaine.

On appeal, the defendant contends that it was error for the trial court to have permitted evidence that an unspecified amount of money was recovered from him upon his arrest, that the police lacked probable cause to arrest him and to seize the brown paper bag, and that he should have been accorded youthful offender treatment at sentencing. The defendant's contentions are without merit.

The defendant was charged with possession of a quantity of drugs with intent to sell as well as with sale. Thus, evidence that the defendant was in possession of a large amount of cash would have been highly relevant and probative of both the sale of drugs and the intent to sell drugs charged in the indictment *(see, People v Jones,* 138 AD2d 405). In this case, the People attempted to prove the amount of cash found on the defendant's person, but the defendant objected to the admission of that evidence, and his objection was sustained.

Therefore, his contention that he was unfairly prejudiced by the admission of evidence that an unspecified amount of cash was found on his person is without merit.

The defendant made a pretrial motion to suppress physical evidence that was unsupported by any facts warranting such suppression (CPL 710.60 [1]; *People v Roberto H.,* 67 AD2d 549) or establishing his standing with respect to the brown paper bag *(see, People v Ponder,* 54 NY2d 160). That motion was properly denied by the court without a hearing on March 8, 1988. The defendant does not challenge this order on appeal, but rather argues that the evidence at trial did not establish probable cause, with the result that the evidence seized should be suppressed. However, it is well established that the propriety of the denial of a motion to suppress should be based on the evidence before the suppression court *(see, People v Smith,* 134 AD2d 382). In any event, the police had ample probable cause to arrest the defendant as well as to seize his brown paper bag *(see, People v Brown,* 124 AD2d 592).

Finally, we note that the defendant's contention that he should have received youthful offender treatment is unpreserved for appellate review, since the defendant did not request such treatment at sentencing (CPL 470.05 [2]; *People v McGowen,* 42 NY2d 905). In any event, the sentencing court *sua sponte* considered granting the defendant youthful offender treatment but rejected that option. This decision, as well as the sentence of concurrent indeterminate terms of 4 to 12 years' imprisonment imposed by the court, were arrived at in a proper exercise of the court's discretion, and will not be disturbed on appeal *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.