■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DUBOIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered September 14, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that he was denied his right to a fair trial when the court permitted the testimony of a medical examiner regarding a second analysis of the victim's gunshot wound conducted on preserved tissue samples over a year after the original autopsy. The defendant urged before the trial court, as he does here, that the People failed to establish the identity and integrity of the evidence tested *(see, People v Connelly,* 35 NY2d 171).

We agree with defendant that there were no reasonable assurances that the tested evidence was tissue removed from this victim, that it was in an unchanged condition *(see, People v Julian,* 41 NY2d 340; *People v Piazza,* 121 AD2d 573; *People v Newman,* 129 AD2d 742; *People v Howard,* 138 AD2d 523) and, therefore, that the trial court erred when it allowed the medical examiner to testify as to her second set of tests and the results. We conclude, however, that the error was harmless *(see, People v Crimmins,* 36 NY2d 230). Apart from the fact that the second set of tests did not prompt the medical examiner to reach any different or additional conclusions than the earlier autopsy, the evidence of the defendant's guilt, including eyewitness testimony that defendant shot the victim at close range, was overwhelming *(see, People v Crimmins, supra).*

We have considered the defendant's remaining contentions and find that they are without merit or that they concern flaws which did not deprive him of a fair trial *(see, People v Suitte,* 90 AD2d 80; *see also, People v Crimmins, supra; cf., People v Molineux,* 168 NY 264). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.