■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BROOKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 15, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the

facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant's conviction was based on a purported sale of four vials containing cocaine to an undercover police officer. We agree with the defendant that the People failed to establish that the vials admitted into evidence at the trial were, in fact, the same vials received by the undercover police officer from the defendant during the alleged sale. After the alleged sale, the undercover police officer gave the vials to another officer, who put them in a briefcase and transported them to the precinct. However, the vials were not marked and they were placed in an unmarked compartment in the briefcase, which contained unmarked evidence from other sales that took place on that day. Further, the undercover police officer did not identify the vials that were admitted into evidence. Rather, he identified the voucher number that was on the envelope into which he placed the vials he vouchered at the precinct. While the officer who transported the vials to the precinct testified that he returned the vials he received to the undercover police officer, who then vouchered the vials, this officer did not identify the vials which were admitted into evidence. Consequently, since there was no chain of custody linking the defendant and the vials allegedly sold by him to the vials later tested and introduced into evidence, over the defendant's objection, the judgment of conviction is reversed, and the indictment dismissed (see, People v Gamble, 94 AD2d 960; see also, People v Ruiz, 162 AD2d 350; cf., People v Brown, 169 AD2d 934; People v Sarmiento, 168 AD2d 328; People v Howard, 138 AD2d 523).

In light of our determination, we need not address the defendant's other contentions. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.