■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SUMMERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered January 13, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The undercover police officer who purchased cocaine from the defendant testified that he subsequently placed the vials in a manila envelope, sealed it, and then wrote a description of the contents and of the defendant, and the time of the purchase, on this envelope. The envelope was then placed in a larger envelope which the officer sealed in front of his supervisor and then signed. The chemist who analyzed the contraband testified that when he received the package, the seal and signature remained intact. This testimony provided reasonable assurances of the identity of the evidence and that its condition was unchanged. The evidence was therefore properly admitted at trial *(see, People v Mayas,* 137 AD2d 836; *People v Newman,* 129 AD2d 742).

Because the People bore the burden of proving beyond a reasonable doubt that the defendant possessed the cocaine with the specific intent to sell it *(see,* Penal Law § 220.16 [1]), the money found upon a search of the defendant after his arrest was admissible in evidence *(see, People v Arimont,* 161 AD2d 769; *People v Hansen,* 158 AD2d 542; *People v Wheeler,* 140 AD2d 731; *People v Jones,* 138 AD2d 405; *People v Mayas, supra; People v Milom,* 75 AD2d 68, 71-72).

Although some of the prosecutor's comments during summation constituted improper inflammatory rhetoric, the proof of the defendant's guilt was overwhelming, and any error was clearly harmless *(see, People v Crimmins,* 36 NY2d 230, 242). Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.