■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURMAN BERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 22, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The pertinent facts on appeal have been recounted in the decision and order determining the appeal by the codefendant *(see, People v Jones,* 182 AD2d 831 [decided herewith]).

We agree with the defendant's contention that the trial court *erred* in permitting the prosecution to elicit testimony that a "large sum of money" was found upon him at the time of his arrest, since the defendant was charged with a single

sale of narcotics, not with conducting a narcotics business *(see, People v Valderama,* 161 AD2d 820; *People v Jones,* 62 AD2d 356).* The prejudicial effect of the admission of the challenged testimony, which seemed to suggest that the defendant had engaged in other, uncharged narcotics sales, clearly outweighed whatever probative value it may have had. Nevertheless, we find that the admission of this testimony did not warrant a mistrial as requested by the defendant *(see, e.g., People v Martin,* 154 AD2d 554) and does not warrant reversal. We note that the trial court sustained the defense counsel's objections and gave prompt curative instructions which were sufficient to dispel the prejudicial effect of the error *(see, People v Capers,* 170 AD2d 522; *People v Rodriguez-Alvarez,* 156 AD2d 733). Moreover, under the circumstances of this case, the error was clearly harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237).

The defendant's challenges to various remarks made during the prosecutor's summation are largely unpreserved for appellate review *(see,* CPL 470.05 [2]). Those comments which were preserved for appellate review were permissible as fair responses to the defense counsels' summations *(see, People v Ortiz,* 167 AD2d 359), and/or constituted fair comment on the evidence *(see, People v Rivera,* 158 AD2d 723).

The defendant's contention that the sentence imposed is unduly harsh is without merit *(see, People v Suitte,* 90 AD2d 80). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.