■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 29, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 28, 1989, at approximately 8:05 P.M. an undercover police officer approached the defendant and asked him, "Do you have any work?" The defendant escorted the officer approximately five feet to where the codefendant Thurman Berry was standing (see, People v Berry, 182 AD2d 824 [decided herewith]). The defendant told the codefendant, "He needs one." The codefendant reached into his jacket pocket and retrieved a paper packet, which he handed to the undercover officer. The undercover officer then gave $10 of prerecorded money to the codefendant and left the location.

Approximately 40 minutes later, the defendant and his codefendant were arrested by a member of the backup team. Upon his search of the defendant, the arresting officer recovered 10 hypodermic needles. He also recovered prerecorded money and other money from the codefendant's person.

A police chemist testified at the trial that he tested the substance purchased by the undercover officer and determined that it was heroin.

The defendant contends that the undercover officer's testimony on direct examination that he initially approached an individual he recognized, i.e., the defendant, was improper. However, this testimony was proper, since identification was an issue in this case (see, People v Torres, 170 AD2d 316; People v Henry, 166 AD2d 720). Furthermore, the undercover officer's testimony on redirect examination that he knew that heroin was being sold at the subject location because he had previously purchased heroin from that location was also proper since the defendants opened the door on cross-examina-

tion by attempting to suggest that the undercover officer could not possibly have entered into a drug transaction in the manner he testified to because he could not have known what type of drugs, if any, were being sold at the subject location *(see, People v Peoples,* 143 AD2d 780).

The defendant also argues that he was deprived of a fair trial by the statements of the prosecutor during summation. We disagree. No objection was made to some of the challenged remarks, thereby rendering them unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, the prosecutor's statements constituted a fair response to the defense counsels' summations *(see, People v Ortiz,* 167 AD2d 359), or they were fair comment on the evidence *(see, People v Rivera,* 158 AD2d 723).

The sentence imposed for the defendant's conviction of criminal sale of a controlled substance in the third degree was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Harwood, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.