■ In the Matter of JASON M., a Person Alleged to be a Juvenile Delinquent, Appellant. [601 NYS2d 842] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated January 20, 1989, which, upon a fact-finding order of the same court, dated December 14, 1988, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Division for Youth for a period of up to 12 months. The appeal brings up for review the fact-finding order dated December 14, 1988, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court erred in allowing into evidence $93 in United States currency recov-

ered upon his arrest from his pants pocket, since the money was neither prerecorded nor identified as the proceeds of an illegal drug transaction. We disagree.

At the fact-finding hearing, the appellant failed to object to the admission of the currency into evidence on the ground now asserted. Accordingly, the claim is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, because the respondent had the burden of proving beyond a reasonable doubt that the appellant possessed the cocaine with the specific intent to sell it *(see,* Penal Law § 220.16 [1]), the money found upon a search of the appellant after his arrest was admissible in evidence *(see, People v Summers,* 176 AD2d 905).

The appellant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.