■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [607 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered July 11, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he sold two packets of heroin to an undercover police officer is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Although it was improper for the prosecutor to elicit testimony concerning the large sum of money recovered from the defendant at the time of his arrest (see, People v Brown, 71 AD2d 918), we find that the admission of this testimony did not warrant a mistrial. The trial court sustained the defense counsel's objection and gave prompt curative instructions which were sufficient to dispel the prejudicial effect of the error (see, People v Berry, 182 AD2d 824, 825). Moreover, in light of the defendant's affirmative use of the evidence in cross-examination, and in light of the overwhelming evidence of defendant's guilt, any error in the admission of such testimony was harmless (see, People v Crimmins, 36 NY2d 230, 241-242; see also, People v Okonkwo, 176 AD2d 163).

The undercover police officer who purchased heroin from the defendant testified that she subsequently placed the narcotics in a manila envelope, sealed the envelope, signed across the seal her name, her shield number, the time, the location, and the words "JD Yankee hat". Her sergeant then signed his name, wrote his shield number, and put case-identifying data on the sealed envelope. The chemist who analyzed the narcotics testified that when she received the envelope, the seal remained intact. This testimony provided reasonable assurances of the identity of the evidence and that its condition was unchanged. Therefore, the evidence was properly admitted at trial (see, People v Summers, 176 AD2d 905; People v Mayas, 137 AD2d 836).

The defendant's remaining contentions are unpreserved for

appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, *supra).* Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.