■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT GRAY, Appellant. [607 NYS2d 736] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered August 15, 1988, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

As we determined on the codefendant's appeal of this issue, the hearing court record established that the police had probable cause to search the handbag recovered from the vehicle in which the defendant was a passenger (see, People v Wilson, 150 AD2d 628).

Furthermore, the evidence supported the trial court's decision to instruct the jury on the statutory presumption of possession when weapons or controlled substances are found in a vehicle. The mere fact that the handbag that contained the contraband belonged to the female codefendant did not establish that the codefendant was in sole and exclusive possession of the handbag at the time it was recovered by the police (see generally, People v Lemmons, 40 NY2d 505).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the testimony of the police officers indicated that the defendant had both access to and knowledge of the contraband found in the handbag and that such contraband was not in the codefendant's exclusive possession.

The claim of error with respect to the court's charge is unpreserved for appellate review (CPL 470.05 [2]), and, in any event, is without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.