■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERWIN CHARLES, Appellant. [622 NYS2d 329] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered August 14, 1990, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Under the circumstances of this case, it was reasonable for the jury to infer that the defendant knowingly possessed a controlled substance since he was found in close proximity to a large quantity of narcotics under circumstances evincing an intent to unlawfully mix, compound, package, or otherwise prepare them for sale (Penal Law § 220.25 [2]; *People v Green,* 133 AD2d 170).

The testimony adduced at trial established that the defendant was found seated at a dining room table where the

following was found in open view, lying on a dining room table: one clear plastic bag containing a large rock of crack cocaine, one clear plastic bag containing 63 smaller individual plastic bags of crack cocaine, one clear plastic bag containing 79 black-capped vials each containing crack cocaine, two triple-beam scales (used to weigh the cocaine), two beepers, and another clear plastic bag containing red vial tops. The officers also recovered from the apartment two loaded weapons, numerous rounds of ammunition, and $515 in small denominations of United States currency.

Furthermore, since the People had the burden of proving beyond a reasonable doubt that the defendant possessed the cocaine with the intent to sell it, the money was admissible as evidence (see, Penal Law § 220.16 [1]; Matter of Jason M., 196 AD2d 502; People v Summers, 176 AD2d 905; People v Arimont, 161 AD2d 769).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.