■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SANTOS-SOSA, Appellant. [649 NYS2d 622] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was deprived of a fair trial by the conduct of the trial court. County Court did not display bias against defendant, and we conclude that the court's comments "did not prevent the jury from reaching an impartial verdict" (*People v McGriff*, 201 AD2d 672, 673, *lv denied* 83 NY2d 913).

Defendant further contends that he was deprived of a fair trial by the admission of the cocaine into evidence and the denial of his motion to set aside the verdict on the ground that the cocaine had been tampered with. Defendant concedes, however, that he withdrew his motion to set aside the verdict on that ground and, thus, his contention is not preserved for our review (*see,* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

By stipulating to the admissibility of the tape-recorded conversations, defendant waived his present contention that the tapes should not have been admitted into evidence. In any event, any infirmities in the tapes go to their weight, not their admissibility (*see, People v McGee,* 49 NY2d 48, 60).

The court did not err in admitting the testimony of a police officer concerning the translation from Spanish to English by defendant's girlfriend of defendant's comments. The translation of those comments was properly admitted under the agency exception to the hearsay rule (*see, United States v Da Silva,* 725 F2d 828, 831-832; *cf., People v Romero*, 78 NY2d 355, 362).

The court properly denied the motion of defendant to sever his trial from the trial of his codefendant. His defense was not in irreconcilable conflict with that of his codefendant (*see, People v Mahboubian,* 74 NY2d 174, 184-185). Further, by moving to sever the counts of the indictment "from each other", defendant waived the contention that the court erred in doing so.

The court did not err by refusing to charge the agency defense. There is no reasonable view of the evidence by which the jury could find that defendant was acting merely as an instrumentality of the buyer (*see, People v Roche,* 45 NY2d 78,

82-83, *cert denied* 439 US 958; *People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935).

Defendant failed to make a prima facie showing that the prosecutor improperly exercised peremptory challenges to strike potential jurors solely on account of race (*see, People v Childress,* 81 NY2d 263, 266; *People v Hernandez,* 75 NY2d 350, 355, *cert granted in part* 498 US 894, *affd* 500 US 352). The court therefore properly denied defendant's *Batson* motions (*see, Batson v Kentucky,* 476 US 79, 87-89).

There is no merit to the contention of defendant that his sentencing was unreasonably delayed and that the trial court consequently lost jurisdiction over him. The delay in sentencing defendant was primarily attributable to the conduct of defendant and to his commitment based upon his lack of capacity to understand the charges against him. Therefore, "the additional time does not constitute such an 'extremely long and unreasonable' delay as to divest the court of its power to sentence" (*Matter of Weinstein v Haft,* 60 NY2d 625, 627, quoting *People ex rel. Harty v Fay,* 10 NY2d 374, 379).

Finally, the court did not abuse its discretion by denying defendant's motion for a mistrial. The court gave a prompt curative instruction sufficient to dispel any prejudicial effect that the comment of defendant's girlfriend may have had (*see, People v Berry,* 182 AD2d 824, 825, *lv denied* 80 NY2d 828). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.