■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WANTON, Appellant. [683 NYS2d 203] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered October 15, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1½ to 4½ years, unanimously affirmed.

The court's *Sandoval* ruling was an appropriate exercise of discretion (*see, People v Pavao*, 59 NY2d 282, 292). Contrary to defendant's argument, a fair reading of the record establishes that the People only elicited acts covered by the *Sandoval* ruling.

The court's curative instruction was sufficient to dispel the prejudicial effect of any error in admitting into evidence the amount of money and the denominations of the money taken from defendant upon his arrest (*see, People v Jones*, 200 AD2d

764, *lv denied* 83 NY2d 873; *People v Berry*, 182 AD2d 824, *lv denied* 80 NY2d 828; *People v Cruz*, 164 AD2d 761, *lv denied* 76 NY2d 985). The court's polling of the individual jurors clearly demonstrated that each juror could comply with the court's instruction (*see, People v Cruz, supra*). Contrary to defendant's claim, the curative instruction was not, in itself, prejudicial.

Defendant's claim that he was deprived of a fair trial by the court's excessive questioning of him, or by the court's other interjections during trial, is not preserved for review (*People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's questioning of defendant served to clarify the testimony and to develop significant factual information that defense counsel himself was presenting to the jury (*see, People v Moulton*, 43 NY2d 944). To the extent that the court made certain remarks to defense counsel in front of the jury, these were occasioned by defense counsel's conduct (*see, People v Johnson*, 219 AD2d 509, *lv denied* 87 NY2d 903). The court did not unduly interject itself into the trial or conduct the trial in a biased manner. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.