■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McHANEY, Appellant. [707 NYS2d 319] —Judgment,

Supreme Court, New York County (Bonnie Wittner, J.), rendered March 26, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable restrictions on cross-examination (*see, People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846). In any event, defendant received ample latitude to develop each of the issues he sought to raise.

Defendant's claim that he was deprived of a fair trial by the court's questioning of prosecution witnesses is unpreserved for review (*People v Charleston*, 56 NY2d 886) and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's questioning of witnesses served to clarify the testimony and to develop significant factual information that defense counsel himself was attempting to present to the jury (*see, People v Moulton*, 43 NY2d 944; *People v Wanton*, 256 AD2d 125, *lv denied* 93 NY2d 981).

A fair reading of the record establishes that defendant received ample opportunity to comment in summation on certain missing evidence and that the court's correct instructions on the People's burden of proof did not imply that the jury should ignore the lack of such evidence (*compare, People v Covington*, 191 AD2d 285, *lv denied* 81 NY2d 1071, *with People v Watkins*, 157 AD2d 301, 307-308).

The challenged portions of the People's summation were largely based on the evidence and fair responses to issues raised by defendant in cross-examination and summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Mazzarelli, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.