■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWAYNE CARTER, Appellant. [739 NYS2d 305] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered July 26, 2000, convicting defendant after a jury trial of, inter alia, attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The contention of defendant that the conduct of the Trial Judge deprived him of a fair trial is not preserved for our review (*see, People v Charleston,* 56 NY2d 886, 887-888; *People v Chase,* 265 AD2d 844, 844-845, *lv denied* 94 NY2d 902; *People v Wanton,* 256 AD2d 125, 126, *lv denied* 93 NY2d 981), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Contrary to the further contentions of defendant, he received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147) and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE L. EVERTS, Appellant. [739 NYS2d 305] —Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered July 24, 2000, convicting defendant after a jury trial of, inter alia, felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant failed to preserve for our review his contention that the conviction of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]) is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19). In any event, that contention is without merit. Defendant's further contention that the evidence presented to the grand jury was legally insufficient is not reviewable where, as here, there was legally sufficient evidence at trial to support the conviction (*see,* CPL 210.30 [6]; *People v Kemp,* 273 AD2d 806, *cert denied* 532 US 977). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.