People v Collier (2022 NY Slip Op 01906)





People v Collier


2022 NY Slip Op 01906


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


94 KA 19-01572

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL B. COLLIER, ALSO KNOWN AS MICHAEL B. COLLIER, SR., ALSO KNOWN AS MICHAEL BERNARD COLLIER, ALSO KNOWN AS MICHAEL COLLIER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered February 25, 2019. The judgment convicted defendant upon a nonjury verdict of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]). We affirm. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that County Court erred in refusing to provide a missing witness instruction pertaining to the victim of the alleged assault. Even assuming, arguendo, that defendant's request was timely (see People v Carr, 14 NY3d 808, 809 [2010]; People v Butler, 192 AD3d 1701, 1704 [4th Dept 2021], amended on rearg 196 AD3d 1093 [4th Dept 2021], lv denied 37 NY3d 963 [2021]; People v Fuqua, 122 AD3d 1249, 1251 [4th Dept 2014]), we conclude that the court properly denied defendant's request because he failed to establish any of the requirements necessary to support the charge (see generally People v Smith, 33 NY3d 454, 458-459 [2019]; People v Brown, 139 AD3d 1178, 1179 [3d Dept 2016]). But even assuming, arguendo, that the court erred in denying the request, we conclude that any error is harmless inasmuch as the evidence of guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Coggins, 198 AD3d 1297, 1301 [4th Dept 2021]; People v Abdul-Jaleel, 142 AD3d 1296, 1296-1297 [4th Dept 2016], lv denied 29 NY3d 946 [2017]).
Finally, defendant waived his present contention that the court erred in admitting in evidence the surveillance video depicting the crime because, at trial, he consented to the admission of that evidence (see People v Serrano, 164 AD3d 1658, 1659 [4th Dept 2018], lv denied 32 NY3d 1129 [2018]; People v Hutchings, 142 AD3d 1292, 1294 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]; People v Santos-Sosa, 233 AD2d 833, 833 [4th Dept 1996], lv denied 89 NY2d 988 [1997]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court