■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NORMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 6, 1987, convicting him of vehicular manslaughter, vehicular assault, assault in the second degree, criminally negligent homicide and operating a motor vehicle under the influence of alcohol (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Shortly after dusk on September 7, 1985, the defendant picked up his friend, Michael LaRocca, in Inwood to attend a nearby festival. Just after paying the toll and crossing over the Atlantic Beach bridge, the defendant accelerated his pick-up truck through a red light, sideswiped an oncoming car, went out of control and careened head-on into another vehicle. The collision killed the driver of the second car and seriously and permanently injured the passenger. Rescuers found the defendant on the floor of his truck and LaRocca lying across the seat. The defendant was charged under the instant indictment, *inter alia,* with vehicular manslaughter, vehicular assault and operating a motor vehicle while under the influence of alcohol. At trial, the defense theory was that LaRocca was driving the defendant's truck at the time of the collision. The jury found the defendant guilty on all counts of the indictment.

On this appeal, the defendant contends that the People violated the principles of *Brady v Maryland* (373 US 83) by failing to turn over, until the eve of trial, a statement given to the police by the toll collector which indicated that the driver

of the defendant's truck had dark hair (the defendant was blond and LaRocca had dark hair). We disagree and find that the defense was afforded an ample opportunity to utilize the statement effectively at trial and that he, in fact, did so (see, People v Simmons, 36 NY2d 126; People v Bolling, 157 AD2d 733). Defense counsel received the statement two days before the witness testified and used it in cross-examining the toll collector in an attempt to discredit her trial testimony that the driver had blond hair. In addition, the detective who interviewed the toll collector was called as a defense witness and questioned about the statement. "[A] defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witness[es] or as evidence during his case" (People v Cortijo, 70 NY2d 868, 870; see, People v Brown, 67 NY2d 555, cert denied 479 US 1093).

The defendant further claims that he was denied a fair trial when the prosecutor introduced, on LaRocca's redirect examination, portions of his Grand Jury testimony indicating that the defendant was driving the truck. Because the defendant failed to sufficiently object to the admission of this testimony, his present claim is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, defense counsel "opened the door" to this issue by questioning this witness on cross-examination about the one instance in his prior testimony where he referred to the driver as "I". As such, the prosecutor properly used the remainder of LaRocca's Grand Jury testimony on this issue in order to explain and clarify the apparent inconsistency (see, People v Melendez, 55 NY2d 445).

Nor do we find that the defendant was denied the effective assistance of counsel. In this regard we note that the case turned on the issue of who was driving the truck at the time of the accident. To this end, counsel thoroughly cross-examined LaRocca, the People's key witness, as well as the other prosecution witnesses, and presented expert and other testimony in an attempt to show that LaRocca was driving. That the jury ultimately believed the People's witnesses over the defendant's witnesses does not render defense counsel's representation less than meaningful (see, People v Baldi, 54 NY2d 137).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.