THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BARKSDALE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 18, 1990, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 1, 1988, the decedent's brother witnessed the fatal shooting of the decedent by the defendant, who was known to the witness by his street name, and two other accomplices. On appeal, the defendant contends that he was denied a fair trial when the prosecutor elicited during redirect examination of the witness, that after the fatal shooting of his brother, he told the police that one of the accomplices had fired shots at him and threatened to kill him if he came to court to testify. However, we agree with the determination of the trial court that the defense counsel had opened the door to this issue by

questioning the witness on cross-examination about the circumstances of the threats and attempts on his life, in an effort, conceded by trial counsel, to suggest that the witness was paranoid and unworthy of belief. Accordingly, the prosecutor properly elicited the witness's testimony that he had spoken to the police about these incidents *(see, People v Melendez,* 55 NY2d 445; *People v Jones,* 182 AD2d 831; *People v Norman,* 173 AD2d 572, 573).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.