■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELBY LOVELACE, Appellant. [731 NYS2d 745] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 1, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant killed his stepfather and, at trial, asserted a justification defense. The defendant, his mother, and his stepbrother had all been physically abused by the deceased and, for several years, the family had been in counseling with a social worker. The social worker and the defendant's expert, a psychologist, testified at trial. The defendant was permitted to adduce some testimony regarding the general manifestations of "battered child/post-traumatic stress syndrome," but was precluded from introducing the social worker's records into evidence.

The court erred in refusing to admit into evidence the social work records which were related to diagnosis and treatment (see, People v Kohlmeyer, 284 NY 366; People v Davis, 225 AD2d 449). Under the circumstances of this case, the error was not harmless.

The court also improvidently exercised its discretion in limiting the defendant's redirect examination of two witnesses. The questions that the defense counsel sought to pose were permissible (*see, People v Barksdale,* 188 AD2d 538; Prince, Richardson on Evidence § 6-501 [Farrell 11th ed]).

Since we are ordering a new trial, we note that, although unpreserved, the defendant correctly contends that the court also erred in refusing to permit his expert witness and the social worker to testify that he suffered from "battered child syndrome" (*see, People v Taylor,* 75 NY2d 277; *People v Cronin,* 60 NY2d 430). Although the defendant was permitted to elicit testimony regarding the general manifestations of "battered child syndrome," the court erroneously ruled that testimony regarding the examination and diagnosis of the defendant was not admissible (*see, People v Cronin, supra*).

The defendant's contentions regarding the court's justification charge are unpreserved for appellate review and, in any event, without merit. His contentions regarding the admission into evidence of crime scene and autopsy photographs and the testimony of the People's rebuttal expert witness are also without merit.

It is unnecessary to address the defendant's remaining contentions. Bracken, P. J., Altman and Goldstein, JJ., concur.

McGinity, J., concurs in part and dissents in part and votes to affirm the judgment appealed from with the following memorandum: The defendant killed his stepfather, Bradford Pettus, in the apartment where they lived, by hitting him eight to eleven times with a hammer from behind. At trial, the defendant asserted a justification defense. The defendant adduced testimony from family members and friends that over a period of time, the deceased had beaten him, and his stepbrother, and his mother. The defendant also adduced testimony from two psychologists and a social worker that the possible effects on children who are beaten is the development of battered child post-traumatic stress disorder although no testimony was adduced that the defendant himself suffered from battered child syndrome.

I agree with the majority that the defendant's contention that the court's justification charge was improper is without merit inasmuch as the charge, viewed as a whole, conveyed the proper legal principles to the jury (*see, People v Joseph,* 253 AD2d 529, 530). Further, the court properly admitted into evidence one crime scene photograph and four autopsy photographs (*see, People v Stevens,* 76 NY2d 833, 835).

The majority would reverse the judgment, however, and or-

der a new trial on the ground that the trial court erred in refusing to admit certain social work records, which were related to diagnosis and treatment, into evidence. While I agree that this was error (see, People v Kohlmeyer, 284 NY 366), I disagree that the error was not harmless. Although the defendant was precluded from using the social work records to prove statements made by several witnesses, the witnesses did testify at trial. Further, although the court also erred in limiting the redirect examination of two witnesses, the testimony of one of those witness was cumulative and the question that the court precluded the other witness from answering was, in fact, answered in substance by responses to other questions. Thus, the court's errors were harmless.

The defendant's remaining contentions are either unpreserved for appellate review or without merit.