■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT RICHARDSON, Appellant. [742 NYS2d 645] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered December 19, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The 14-year-old defendant was convicted of intentional second-degree murder as a result of his shooting of a 16-year-

old boy who tragically happened to be in the wrong place at the wrong time. Allegedly in retribution for a prior robbery of one of his friends, the defendant chased the alleged robber down a crowded Brooklyn street, firing multiple shots at him from a nine-millimeter handgun. One of those shots went astray and killed Jerome Foster. Even crediting the defendant's claim that he had obtained the gun only moments earlier by taking it from the alleged robber during a struggle, the jury clearly was within its province in rejecting the defendant's justification defense (*see People v Hernandez,* 192 AD2d 363).

The defendant's present challenges to the court's justification charge are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Abreu,* 287 AD2d 644; *People v Lovelace,* 287 AD2d 652). In any event, the court's charge mirrored the model charge as set forth in CJI(NY)2d PL 35.15 (2) (b). The trial court properly instructed the jury that it could find that the defendant was justified if it found that he reasonably believed that deadly force was necessary to defend himself from a robbery and that the average reasonable person in the defendant's situation also would have reasonably believed that such force was necessary (*see People v Santos,* 280 AD2d 561, 562).

The defendant likewise failed to preserve for appellate review his contentions regarding the prosecutor's summation (*see* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879; *People v Heide,* 84 NY2d 943; *People v Medina,* 53 NY2d 951; *People v Banks,* 258 AD2d 525, 526). In any event, although some of the prosecutor's remarks exceeded the bounds of advocacy and were better left unsaid (*see People v Ashwal,* 39 NY2d 105, 109; *People v Walters,* 251 AD2d 433, 434), the errors were harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 241-242; *People v Brown,* 285 AD2d 472; *People v Clausell,* 223 AD2d 598).

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.