■ The People of the State of New York, Respondent, v Dwain McCoy, Also Known as Dwaine McCoy, Appellant.— Judgment of the Supreme Court, New York County (Luis M. Neco, J.), rendered April 7, 1987, which convicted defendant, after jury trial, of one count of robbery in the second degree and one count of robbery in the third degree and sentenced him, as a second felony offender, to concurrent terms of from 5 to 10 years' and from 3½ to 7 years' imprisonment, respectively, unanimously affirmed.

Defendant's conviction arises out of his robbery of one Patrick Smith in mid-June 1986 outside a pizza parlor on 42nd Street between Seventh and Eighth Avenues in the Borough of Manhattan. Smith, along with his friend Peter Pinto, stopped at the pizza parlor on the way to visit a friend following a party which they had attended in New Jersey. The two men arrived at the scene in a van. While they were inside the pizza shop, defendant approached Pinto in a hostile manner and then left, only to return several minutes later after the two men had gone outside. Defendant then forced Smith to give him a neck chain and a bracelet that Smith was wearing. Smith and Pinto circled the block several times in their van and noticed that the defendant had returned to the scene of the crime. They thereupon enlisted the assistance of two patroling policemen. Defendant was arrested and later identified at an unplanned showup at the police precinct, at which time he made incriminating statements. Defendant was subsequently identified by Peter Pinto at trial while sitting in the gallery amongst five other black men at defense counsel's request.

On appeal, defendant argues that the trial court's "no negative inference" charge was overextensive and implied that defendant's decision not to testify was a "tactical maneuver".

We note that defense counsel requested an instruction that no inference be drawn from the defendant's failure to testify. However, while he objected to other aspects of the charge, counsel did not voice objection to the "no inference" instruction. Accordingly, the issue has not been preserved for review as a matter of law (People v Autry, 75 NY2d 836) and we decline to review it in the interest of justice (CPL 470.15 [6]).

Defendant also argues that the introduction of the evidence

concerning the first meeting between the defendant and the complainants was, in essence, an introduction of uncharged crimes and, as such, reversible error. Defense counsel also failed to raise this specific objection, and the matter is likewise unpreserved for review. However, were we to reach the merits in the interests of justice (CPL 470.15 [6]), we would nevertheless conclude that the evidence constitutes permissible background information introduced for the purpose of completing the narrative and enhancing the jury's understanding of the crime charged. Therefore, there was no abuse of discretion by the Trial Justice in its admission *(People v Hernandez,* 139 AD2d 472; *People v Fay,* 85 AD2d 512). Moreover, any prejudice which might have occurred due to the evidentiary admission in this instance was occasioned by defense counsel himself when, during summation, he characterized the evidence as indicating an attempted robbery by his client. Concur—Kupferman, J. P., Milonas, Asch, Wallach and Rubin, JJ.