■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS JOHNSON, Appellant. [631 NYS2d 343] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered May 21, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defense counsel's conduct of this case included prolonged argument with the prosecutor and with the court over virtually every question posed to any witness, and repetitive

questioning of virtually every witness. In these circumstances, the trial court appropriately exercised its discretion by posing clarifying questions to witnesses in order to keep the proceedings within the reasonable confines of the issues before the jury and to encourage clarity rather than obscurity in the development of proof (*People v Moulton*, 43 NY2d 944). Further, the record indicates that counsel persisted in improper questioning of witnesses and repeatedly argued with the court and with the prosecutor in the presence of the jury, despite explicit rulings by the court and directions to desist. Having thus precipitated exchanges between the court and counsel during which counsel was appropriately reprimanded, defendant may not now claim that he was deprived of a fair trial (*People v Cummings*, 162 AD2d 142, 144, *lv denied* 76 NY2d 985).

Defendant's current claim of improper admission of evidence of prior crimes through redirect testimony is unpreserved by appropriate objection (CPL 470.05; *People v McCoy*, 160 AD2d 518, 519, *lv denied* 76 NY2d 792). In any event, the court took appropriate immediate curative action to have the witness clarify his testimony to conform to the court's proper ruling that, addressing the testimony elicited on cross-examination, the prosecutor could inquire only as to what the witness had observed. Further, any prejudice which might have occurred due to the evidentiary admission in this instance was occasioned by defense counsel himself when, during summation, he characterized the evidence as indicating that perhaps defendant was a "rinky dink hustler" *(see, supra)*.

Defendant on appeal mischaracterizes certain arguments of the prosecutor on summation and claims error. A fair reading of the record indicates that various objections made during the prosecutor's summation were properly sustained by the court, and that in all other respects the prosecutor's summation comments constituted appropriate response to the defense summation (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence presented within the broad bounds of rhetorical comment permissible in closing argument (*People v Galloway*, 54 NY2d 396). Concur—Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.