**■** In the Matter of SARA B., a Child Alleged to be Abused. PAMELA B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [838 NYS2d 49]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about March 20, 2006, which, upon a

fact-finding determination that the subject child had been abused and neglected, placed her in the custody of the Commissioner of Social Services of the City of New York for 12 months and permitted respondent mother supervised visitation, unanimously affirmed, without costs.

Petitioner satisfied its burden of demonstrating abuse by introducing medical testimony that the four-month-old child had sustained a fracture of the right temporal bone with an epidural bleed and a fracture of the right distal femur that were "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]). Respondent's explanations for these injuries were implausible or otherwise unreasonable, and she thus failed to rebut the presumption of culpability with a credible and reasonable explanation as to how they were incurred (*see Matter of Benjamin L.*, 9 AD3d 153 [2004]), or otherwise demonstrate why she was not guilty of abuse. The credibility determinations of the Family Court are supported by the record (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]).

Respondent failed to preserve a challenge to the Family Court's questioning of her with regard to her history of substance abuse. In any event, a trial court has discretion to elicit and clarify testimony (*People v Johnson*, 219 AD2d 509 [1995], *lv denied* 87 NY2d 903 [1995]), and here the Family Court properly questioned respondent in order to assess her credibility.

The Family Court properly precluded a social worker, testifying on respondent's behalf at the dispositional hearing, from offering her opinion as to respondent's parental fitness, since the social worker had not been qualified as an expert and the "general rule is that lay witnesses may testify only to the facts and not to their opinions and conclusions drawn from the facts" (*People v Hackett*, 228 AD2d 377, 378 [1996], *lv denied* 88 NY2d 986 [1996]). No exception to that rule was present here. Concur—Sullivan, J.P., Nardelli, Buckley, Catterson and Kavanagh, JJ.