Matter of Edwin R. v Maria G. (2019 NY Slip Op 06717)





Matter of Edwin R. v Maria G.


2019 NY Slip Op 06717


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9880

[*1]In re Edwin R., Petitioner-Respondent,
v
Maria G., Respondent-Appellant, Administration for Children's Services, Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Steven P. Forbes, Jamaica, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.



Order, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about November 15, 2018, which granted petitioner father's petition for sole legal and physical custody of the subject children, and directed that visitation by respondent mother continue as mutually agreed upon by the parties, unanimously affirmed, without costs.
The hearing evidence presents a sound and substantial basis for the award of custody of the children to petitioner (see generally Matter of James Joseph M. v Rosana R., 32 AD3d 725, 726 [1st Dept 2006], lv denied 7 NY3d 717 [2006]).
Respondent failed to present evidence to support her argument that the order continuing visitation based on the mutual agreement of the parties is improper because the parties cannot work together (see Matter of Samuel v Sowers, 162 AD3d 674, 675 [2d Dept 2018]; Matter of Alleyne v Cochran, 119 AD3d 1100, 1101-1102 [3d Dept 2014]). The hearing record demonstrates that petitioner has made the children available to respondent in person and by telephone, and petitioner testified that he intends to continue to ensure the children's access to their mother and her family. Should the parties be unable to reach a mutual agreement on visitation, either may file a petition to enforce or modify the order (see Samuel, 162 AD3d at 675).
The court properly declined to permit respondent's child life specialist to testify in her "professional capacity" about how respondent had changed while participating in a supportive housing program because the witness was not an expert and could not opine on respondent's parental fitness (see Matter of Sara B., 41 AD3d 170, 171 [1st Dept 2007]). Respondent had agreed that the witness would limit her testimony to her relationship with respondent and the services respondent received, and respondent was permitted to testify about her own progress while residing in supportive housing (cf. Matter of Painter v Painter, 211 AD2d 993, 995 [3d Dept 1995] [court improperly precluded proof of respondent's alleged interference with petitioner's visitation rights]; Matter of Thomson v Battle, 99 AD3d 804, 806 [2d Dept 2012] [mother's due process rights were violated when she was not permitted to present any evidence]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK