Matter of L.V. (L.J.) (2024 NY Slip Op 03459)

Matter of L.V. (L.J.)

2024 NY Slip Op 03459

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Docket No. NA-17950/18 Appeal No. 2546 Case No. 2023-00327 

[*1]In the Matter of L.V., a Child Under Eighteen Years of Age, etc., L.J., Respondent-Appellant, J.V., Respondent, New York City Administration for Children's Services, Petitioner-Respondent.

Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Valerie A. Pels, J.), entered on or about December 22, 2022, which, after a hearing, found that respondent mother abused the subject child, unanimously affirmed, without costs.
Petitioner made prima facie showing of abuse by introducing expert medical testimony establishing that the child suffered a fracture of the humerus, and that his injury was the result of nonaccidental trauma that would ordinarily not be sustained by a five-month-old child except by reason of the acts or omissions of the mother (see Matter of Philip M., 82 NY2d 238, 243-244 [1993]).
The burden having shifted, the mother failed to rebut the presumption of culpability with a credible and reasonable explanation of how the child suffered the fracture to his humerus, or otherwise demonstrate that she was not guilty of abuse (see Matter of Ni'Kia C. [Dominque J.], 118 AD3d 515, 516 [1st Dept 2014]). In petitioner's expert's medical opinion, the mother's purported explanation of "play-walking" with the child, dangling him by his wrists and moving him forward, briefly, could not have resulted in a fracture of the humerus bone. The mother's medical expert did not dispute petitioner's expert's opinion. The mother's medical expert posited that the fracture would have occurred from the child falling or something falling on the child, however the mother did not testify that the child was injured by falling or by a falling object and there is no other evidence to support a finding that this is how the injury occurred.
Contrary to the mother's arguments, both medical experts also ruled out the possibility that the child's humerus fracture could have resulted from the urgent care physician's attempt to perform a reduction maneuver on the child's elbow. Nor was petitioner required to establish that there is no possible accidental explanation for the injury (see Matter of Kortney C., 3 AD3d 532, 532-533 [2d Dept 2004]).
The mother's focus on the time the child spent at the maternal grandmother's home does not avail her. The record supports the court's finding that the mother remained a caretaker of the child at the time of injury (see Matter of Travis S. [Moezel J. — Taijon S.], 203 AD3d 478, 479 [1st Dept 2022]). Nor must all caretakers be named as respondents in an abuse action (see Matter of Grayson R.V. [Jessica D. — David P.], 200 AD3d 1646, 1648 [4th Dept 2021]).
Further, we defer to the court's credibility findings (see Matter of Sara B., 41 AD3d 170, 171 [1st Dept 2007]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024