Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered February 23, 2012, convicting defendant, upon her plea of guilty, of assault in the second degree, and sentencing her to a term of three years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of adjudicating defendant a youthful offender, reducing the sentence to a term of one year, and otherwise affirmed.
Upon examination of the record, we conclude that it does not establish that defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Bradshaw, 18 NY3d 257, 265 [2011]). We are not advancing new precedent. Based upon facts unique to this case, we find that the record does not establish that the defendant understood that the waiver of right to appeal is “separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d 248, 256 [2006]). The trial court’s perfunctory colloquy failed to explain the right to appeal, and did not clarify that defendant *403 did not automatically forfeit this right, which is separate and distinct from trial rights. Given defendant’s lack of comprehension, the perfunctory colloquy, and the language of the written waiver, the record does not reflect a knowing, voluntary, and intelligent waiver of the right to appeal. Thus, we reach defendant’s claim of an excessive sentence.
In light of defendant’s age, the mitigating facts of the case, and her lack of any juvenile or prior criminal record, we find that the sentence imposed was excessive to the extent indicated (see People v Kwame S., 95 AD3d 664 [1st Dept 2012]). Concur— Gonzalez, P.J., Sweeny, Richter and Clark, JJ.,