THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MAY, Appellant. [24 NYS3d 591]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.H.O., at suppression hearing; Ronald A. Zweibel, J., at suppression decision, plea and sentencing), rendered January 9, 2014, convicting defendant of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 3½ years, unanimously affirmed.

Defendant's suppression motion was properly denied since the record supports the conclusion that the police entry into defendant's apartment was justified under the emergency exception to the warrant requirement (*see generally People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]). The totality of the information available to the police at the time of the intrusion warranted a reasonable belief that there was potentially a shooting victim inside the apartment. Reports of possible gunshots near defendant's apartment were confirmed when the police found defendant, who had sustained a gunshot wound, in an apartment across the hall from his own apartment. Defendant's claim that he had been shot outside the building was rendered suspicious by various surrounding circumstances, and his claim that he could not enter his apartment because he had lost his keys was plainly contradicted by other information known to the police. Thus, the police were confronted with a serious danger that defendant was concealing the full details of the shooting, and that another victim or victims might be in his apartment. Furthermore, there is no indication that the police entry was motivated by an intent to make an arrest or seize evidence. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.