THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARSAUN HARRIS, Appellant. [27 NYS3d 26]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered February 27, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of four years, to be followed by three years of post-release supervision, unanimously affirmed.

Defendant did not waive his right to appeal from the judgment because the Court never advised defendant of the consequences of the appeal waiver, or spoke to defendant to ensure he understood the rights he was forfeiting by signing the waiver (*see People v Oquendo*, 105 AD3d 447 [1st Dept 2013], *lv denied* 21 NY3d 1007 [2013]). Although defendant signed a written waiver, this "was no substitute for an on-the-record explanation of the nature of the right to appeal" (*People v Ramos*, 122 AD3d 462, 464 [1st Dept 2014]). Furthermore, the written waiver says that defendant was "advised by the Court of the nature of the rights being waived," but that never occurred. Rather, the court told defense counsel to explain the waiver of appeal to defendant, and following an off-the-record conference between defendant and his counsel, counsel indicated defendant had signed the waiver. Counsel's confirmation that he told defendant about the waiver cannot substitute for the court conducting its own inquiry.

Defendant argues that the written waiver, which is a standard form, is invalid because it chills a defendant's right to file a notice of appeal and creates ethical dilemmas for defense attorneys. The People counter by arguing that the waiver contains exceptions allowing defendant to file a notice of appeal with respect to certain claims that are not waivable. Because the waiver is not enforceable on other grounds, we need not decide this issue.

Although defendant's claim is not waived, we decline to reduce his sentence. Defendant received six months more than the minimum sentence that he had been originally promised because he did not timely appear on the sentencing date and was late on the adjourned date. The court had warned defendant, when it let him remain at liberty pending sentence, that it would give him additional jail time if he did not appear. The court ultimately gave defendant less than the five years incarceration it told defendant he would receive if he did not appear for sentencing. We do not find defendant's sentence to be unduly harsh under the circumstances. Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.