People v Grant-Byas (2022 NY Slip Op 00137)





People v Grant-Byas


2022 NY Slip Op 00137


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Ind. No. 5340/13 Appeal No. 15039 Case No. 2019-51 

[*1]The People of the State of New York, Respondent,
v
Karmik Grant-Byas Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 16, 2016, convicting defendant, after a jury trial, of sex trafficking (two counts) and promoting prostitution in the third degree; sentencing him to an aggregate term of 14 to 42 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the provision of the orders of protection that directed that they remain in effect until May of 2066 and remanding the matter for a new determination of the duration of the order, and otherwise affirmed.
The court's supplemental jury instruction on the element of sex trafficking (see Penal Law § 230.34[5][a]) that involves the use of force to compel or induce a person to engage in prostitution correctly stated the law and was not confusing (see generally People v Malloy, 55 NY2d 296, 301-02 [1982], cert denied 459 US 847 [1982]). The supplemental charge, which was essentially the same as the court's main charge and the Criminal Jury Instructions, could only be understood as reiterating that a conviction would require a finding that defendant's use of force actually compelled his victims to engage or continue to engage in prostitution. In any event, any error was harmless in light of the overwhelming evidence that defendant forcibly compelled his victims' prostitution activity (see People v Crimmins, 36 NY2d 230 [1975]).
The court's conduct toward defense counsel during the trial does not warrant reversal. Initially, we note that much of defendant's complaint in this regard involves sidebars allegedly overheard by the jury, and nonverbal behavior by the court for which defendant cites information outside the record. In any event, to the extent the jury was aware of them, the court's critical responses to counsel's behavior did not deprive defendant of a fair trial. A court has the right to "enforce propriety, orderliness, decorum and expedition in [the] trial" (People v De Jesus, 42 NY2d 519, 523 [1977]). Although the court's comments to defense counsel were sometimes caustic, they were permissible responses in a case where throughout the trial counsel behaved poorly, ignored the court's rulings, badgered witnesses, wasted time, and delivered a summation that was replete with irrelevant comments, inappropriate references, and misstatements of law (see e.g. People v Pierce, 303 AD2d 314 [1st Dept 2003], lv denied 100 NY2d 565 [2003]; People v Johnson, 219 AD2d 509, 510 [1st Dept 1995], 87 NY2d 903 [1995]).
Defendant did not preserve his claim that he was deprived of his right to counsel of his own choosing when the court disqualified his original counsel on the ground of conflict of interest. This attorney was simultaneously representing both defendant and two of his alleged victims, who had open cases and who were likely to be called as witnesses at trial. At the two court appearances where this issue was raised, the original attorney made no protest other than expressing a vague desire [*2]to look into whether the conflict could be waived (see People v Bierenbaum, 301 AD2d 119, 152 [2002], lv denied 99 NY2d 626 [2003], cert denied 540 US 821 [2003]), As for defendant himself, he never requested to continue with the conflicted attorney. Instead, he said he wanted "a lawyer, period" and went on to retain new counsel. The futility exception to the preservation requirement does not apply in these circumstances, and we decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in disqualifying counsel based on the obvious conflict of interest (see People v Watson, 26 NY3d 620, 624-625 [2016]; People v Carncross, 14 NY3d 319, 328-330 [2010]; People v Tineo, 64 NY2d 541, 536 [1985]). Although defendant asserts that the court's inquiry and findings were insufficient, any deficiency in this regard may be attributed to the fact that neither defendant nor the conflicted attorney meaningfully raised the issue of waiving the conflict.
Defendant's claim that the court wrongly empaneled a biased juror is not supported by the record. The statement defendant asserts should have been the basis for disqualification was actually made by a different juror, who was excused for cause. There is no evidence in the record to suggest that the juror who was actually empaneled could not be fair and unbiased.
We perceive no basis for reducing the sentence. The record does not support defendant's assertion that the sentencing court considered conduct of which defendant was acquitted. However, as the People concede, the order of protection's expiration date
is incorrect because it did not take into account the jail time credit to which defendant is entitled.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022