People v Eason (2024 NY Slip Op 03096)

People v Eason

2024 NY Slip Op 03096

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 73855/22 Appeal No. 2043 Case No. 2022-04698 

[*1]The People of the State of New York, Respondent,
v
Khadir Eason, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Linda Poust-Lopez, J.), rendered October 20, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a determinate prison term of four years and five years of post-release supervision, unanimously affirmed.
The record establishes that defendant did not validly waive his right to appeal. The court never advised defendant of the consequences of the appeal waiver, or speak to defendant to ensure he understood the rights he was forfeiting by signing the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Ramos, 122 AD3d 462, 464 [1st Dept 2014]). Specifically, the court refused the entreaties of both defense counsel and the prosecutor that it question defendant to ensure he understood the rights he was forfeiting by signing the written waiver (see People v Harris, 137 AD3d 514, 514 [1st Dept 2016], lv denied 27 NY3d 1070 [2016]). The court instead placed undue emphasis on the signed written waiver, which is "no substitute for an on-the-record explanation of the nature of the right to appeal" (see Ramos 122 AD3d at 464).
Moreover, the court relied on defense counsel's confirmation that he told defendant about the waiver, which was not a substitute for the court conducting its own inquiry. A separate allocution on the waiver of the right to appeal is critical, because "[b]y waiving the right to appeal in connection with a negotiated plea and sentence, a defendant agrees to end the proceedings entirely at the time of sentencing and to accept as reasonable the sentence imposed" (see Lopez 6 NY3d at 255).
Here, defendant's understanding of the appeal waiver is not evident on the face of the record due to the deficiency of the oral colloquy, or lack thereof, conducted by the lower court (see People v Maria M., 102 AD3d 402, 402 [1st Dept 2013]). Under the circumstances, defendant's appeal waiver was invalid and does not preclude review of his excessive sentence claim.
Notwithstanding the infirmity of the appeal waiver, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024