People v Jenkins (2024 NY Slip Op 06168)

People v Jenkins

2024 NY Slip Op 06168

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Ind. No. 3078/18 Appeal No. 3195 Case No. 2022-01017 

[*1]The People of the State of New York, Respondent,
v
Tarik Jenkins, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Cathy Liu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan Merchan, J., at hearing; Gregory Carro, J., at trial and sentencing), rendered March 2, 2022, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and attempted assault in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 years and 90 days, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the provision of the order of protection that directed that it remain in effect until February 28, 2027 and remanding the matter for a new determination of the duration of the order, and otherwise affirmed.
The hearing court properly denied defendant's suppression motion because the evidence established that the limited search of the bag was a reasonable response to the dangerous situation precipitated by the reported presence of a firearm in a public park under the emergency doctrine (see People v Mitchell, 39 NY2d 173, 177-178 [1976], cert denied 426 US 953 [1976]). When police officers responded to a radio run describing a dispute involving a suspect with a firearm at a nearby park, they saw defendant, who matched the description, with a female companion and a baby in a stroller. A nearby woman yelled that the gun was in a bag on the stroller, and defendant fled. While several officers pursued defendant, one of the officers picked up the bag to secure it, felt a heavy metal object inside, and opened the bag to confirm the presence of the firearm. The officer had reasonable grounds to believe that an emergency existed requiring his action to protect the public, and the emergency did not abate until the officer ensured that he had the firearm securely in his possession (see People v Mitchell, 39 NY2d at 177-178; People v Adams, 236 AD2d 293, 293 [1st Dept 1997], lv denied 90 NY2d 854 [2017]).
Insofar as the officer's subjective motivations remain relevant in light of Brigham City v Stuart (547 US 398, 402-405 [2006]; People v Doll, 21 NY3d 665, 671 [2007], cert denied 572 US 1022 [2014]; People v May, 135 AD3d 598, 599 [1st Dept 2016], lv denied 27 NY3d 1002 [2016]), the officer testified that he picked up the bag "for safety purposes," and he discontinued his search and "safeguarded" the gun once he saw it inside the bag. Thus, the record reflects that the officer's search was not primarily motivated by an intent to seize evidence (see People v Mitchell, 39 NY2d at 177-178). The hearing court credited the officer's testimony, and its credibility determinations are entitled to deference (see People v Prochilo, 41 NY2d 759, 761 [1977]).
Defendant's Second Amendment challenge to his weapon possession conviction is unpreserved (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to review it in the interest of justice. Moreover, his claim is not properly before us because defendant has not served the Attorney General with notice of his constitutional challenge [*2](see Executive Law § 71; People v Williams, 227 AD3d 480, 481 [1st Dept 2024]). As an alternative holding, we find that, on the present record, defendant has not established that he has standing to challenge the constitutionality of Penal Law § 265.03(3) (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted, 42 NY3d 939 [2024]), or that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v. Bruen (597 US 1 [2022]), or that he would be entitled to vacatur of his conviction on that basis (see People v Seigniuos, 222 AD3d 413 [1st Dept 2023], lv denied 40 NY3d 1094 [2024])
The expiration date of the order of protection arising from the attempted assault conviction is incorrect because it exceeds the maximum statutory duration. Accordingly, we remand for a determination of the correct expiration date (see People v Grant-Byas, 201 AD3d 479, 481 [1st Dept 2022], lv denied 38 NY3d 950 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024