People v Castillo (2025 NY Slip Op 00276)

People v Castillo

2025 NY Slip Op 00276

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind No. 73708/22 Appeal No. 3510 Case No. 2023-02929 

[*1]The People of the State of New York, Respondent,
v
Gilberto Castillo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered May 31, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years of probation, unanimously affirmed.
Defendant's waiver of the right to appeal was invalid because "the court never adequately explained the nature of the waiver, the rights the defendant would be waiving or that the right to appeal was separate and distinct from the rights automatically forfeited upon a plea of guilty" (People v Ramos, 122 AD3d 462, 464 [1st Dept 2014]; see also People v Floyd, 220 AD3d 497, 497 [1st Dept 2023]). Instead, "the court relied on defense counsel's confirmation that he told defendant about the waiver, which was not a substitute for the court conducting its own inquiry" (People v Eason, 228 AD3d 443, 444 [1st Dept 2024], lv denied 42 NY3d 926 [2024]; see also People v Harris, 137 AD3d 514, 514 [1st Dept 2016], lv denied 27 NY3d 1070 [2016]). Even considered in light of the written waiver, the record does not establish that defendant had a "full appreciation of the consequences" of the appeal waiver (People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US __, 140 S Ct 2634 [2020] [internal quotation marks omitted]; see also Ramos, 122 AD3d at 464).
However, we perceive no basis for reducing the sentence.
Defendant's Second Amendment claim "is not properly before us because defendant has not served the Attorney General with notice of his constitutional challenge" (People v Jenkins, - AD3d -, 2024 NY Slip Op 06168, * 1-2 [1st Dept 2024], citing Executive Law § 71). As an alternative holding, we find that defendant has not established that he has standing to challenge the constitutionality of his criminal possession of a weapon conviction (see e.g. People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). In any event, defendant did not preserve his as-applied challenge to the constitutionality of that conviction, and we decline to review it in the interest of justice. Alternatively, that claim and defendant's other arguments that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) are unpersuasive on the merits (see People v Guerrero, 231 AD3d 653, 654 [1st Dept 2024]; People v Daniels, 224 AD3d 554 [1st Dept 2024], lv denied 41 NY3d 982 [2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025