People v Santiago
2026 NY Slip Op 03398
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Eric Santiago, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 70905/23|Appeal No. 6780|Case No. 2024-02013|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rina V. DeFrancesco of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph P. Tucker of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Audrey E. Stone, J. at motion to controvert and suppression hearing; Seth A. Steed, J. at plea and sentencing), rendered March 15, 2024, convicting defendant of criminal possession of a weapon in the second degree (three counts), and sentencing him to concurrent terms of 3½ years, followed by three years of postrelease supervision on each count, unanimously affirmed.
The record supports the court's conclusion that the warrantless entry into defendant's apartment was justified under the emergency doctrine (see People v Doll, 21 NY3d 665, 671 [2013], cert denied 572 US 1022 [2014]; People v Mitchell, 39 NY2d 173, 177-178 [1976], cert denied 426 US 953 [1976]). The officers received a 911 call reporting that someone was shot in the building; found a bullet on the floor in the caller's apartment which, based on its trajectory, appeared to have originated from defendant's apartment directly overhead; and detected the odor of gunpowder coming from defendant's apartment, indicating that a firearm was discharged from within that unit. Additionally, the officers reasonably found that defendant's affirmative response to the officers' question whether "everything" was "okay" and defendant's statement that he was simply "watching TV" were suspicious in light of the surrounding circumstances and "contradicted by [the] information known to the police" (People v May, 135 AD3d 598, 599 [1st Dept 2016], lv denied 27 NY3d 1002 [2016]). "Thus, the police were confronted with a serious danger that defendant was concealing the full details of the shooting, and that another victim or victims might be in his apartment" (id.; see People v DePaula, 179 AD2d 424, 426 [1st Dept 1992]). Accordingly, defendant's motion to suppress the evidence seized as the result of that search, including the evidence seized pursuant to the search warrant that was subsequently issued, was properly denied.
We perceive no basis for reducing the term of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026